## AS TO THE TAKING OF TESTIMONY AT THE EXPENSE OF THE STATE.

Court of Appeals for Wood County.

CHARLES NEISWENDER v. STATE OF OHIO.

Decided, May 1, 1916.

*Criminal Law—Application to Take Testimony in the Philippines— Overruled Because of the Heavy Expense Involved—Comments of Counsel During Trial Not Properly a Part of the Record*

In the absence of a satisfactory showing as to the materiality of the testimony desired for use in a criminal case, it is not error to overrule an application for an order to take testimony in a distant country, where the expense to the state if the order were granted would amount to as much as two thousand dollars.

*B. F. James* and *E. D. Bloom*, for plaintiff in error.

*E. K. Solether*, Prosecuting Attorney, and *C. S. Hatfield*, contra.

RICHARDS, J.

The plaintiff in error is under indictment for murder. The state made proper application to the court of common pleas for taking the testimony of one Richard Smith in the Philippine Islands. Thereafter counsel for the state, having determined to

dispense with his testimony, applied to the court for an order setting aside the former order for the taking of such testimony, and the former order was thereupon set aside by the court against the objection and exception of the defendant below. After this latter order the defendant below applied to the court for an order to take testimony of certain other witnesses in the Philippine Islands. The court after hearing evidence and statements of counsel on both sides, overruled the application, and this proceeding in error is prosecuted to obtain a reversal of the order so made.

The bill of exceptions does not disclose what the evidence was that was desired to be taken, nor that the same was material. It is apparent from the bill of exceptions and from the statements of counsel that it would involve an expense to the state of $2,000 or more to provide for the presence of the defendant below and his counsel and counsel for the state in the Philippine Islands at the taking of the testimony. It can not be possible that either side to a criminal case has the right to an order of court to take testimony, at the expense of the state in distant parts of the country, without a satisfactory showing to the court of the materiality of the testimony. If the law were otherwise, the state would be subjected in many cases to costs so great that it would prohibit the prosecution of crime.

We are not saying that there is any attempt in this case to do that, but the construction contended for by counsel for the defendant below would enable the defense, for instance, to obtain a commission for the taking of testimony in one part of the world, and then about the time that was returned, another commission for the taking of testimony in another distant part of the world, and that without any showing as to the materiality of the testimony.

It can not be that the constitutional convention put into the Constitution a provision justifying that sort of an interpretation, and so we are all agreed in this case that the trial court committed no error in declining to provide for the taking of this testimony, at the expense of the state, and in declining to provide for the transportation of the defendant and his counsel

to the Philippine Islands. Neither did the trial judge commit an error in setting aside the order theretofore granted on the application of the state.

Now with regard to the taking of the comments of counsel and transcribing the same in the bill of exceptions, we never have known of a case where the statements of counsel have been required by the court to be taken, except in the trial of a jury case where it it is claimed that the argument of counsel trespasses upon the rules of propriety. Of course, where it is claimed counsel are guilty of misconduct, the court should, on application, require the remarks to be taken, but in the absence of such claim, we are not aware of any case where the statements or arguments or claims of counsel have been taken. If that were to be done and the same embodied in the bill of exceptions, it would multiply the expense of litigation tremendously. It would multiply the work of the courts and require additional courts to transact the business. Bills of exceptions as now taken are so voluminous that the work of reading the testimony is sometimes a herculean task. For the reasons given, we are unanimously of the opinion that the judgment declining to provide for the taking of this testimony at the expense of the state, should be affirmed.

CHITTENDEN, J., and KINKADE, J., concur.